David M. Stein #198256
dstein@brownrudnick.com
Franklin S. Krbechek #322170
fkrbechek@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Phone:     949.752.7100
Fax:         949.252.1514

Peter J. Willsey (*pro hac vice* to be filed soon)
pwillsey@brownrudnick.com
Vincent J. Badolato (*pro hac vice* to be filed soon)
vbadolato@brownrudnick.com
**BROWN RUDNICK LLP**
601 Thirteenth Street NW, Suite 600
Washington, D.C.  20005
Phone:     202.536.1700
Fax:         202.536.1701

Attorneys for PUNCHBOWL, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNCHBOWL, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>AJ PRESS LLC, a Delaware limited liability company,<br><br>                              Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1) Federal Trademark Infringement Under 15 U.S.C. § 1114;<br><br>(2) Federal Trademark Infringement, Unfair Competition, And False Designation Of Origin Under 15 U.S.C. § 1125(a);<br><br>(3) Common Law Trademark Infringement, Unfair Competition, And Passing Off; and,<br><br>(4) Violations Of California Unfair Competition Law Under Cal. Bus. & Prof. Code § 17200<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT

Plaintiff Punchbowl, Inc. complains and alleges against Defendant AJ Press LLC as follows.

## THE PARTIES

1. Plaintiff Punchbowl, Inc. ("Plaintiff") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 50 Speen Street, Suite 202, Framingham, Massachusetts 01701.

2. On information and belief, Defendant AJ Press LLC ("Defendant"), the operator of Punchbowl News, is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 15260 Ventura Blvd, 20th Floor, Sherman Oaks, California 91403.

## JURISDICTION AND VENUE

3. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the laws of the State of California.

4. This court has original jurisdiction over the federal trademark and unfair competition claims pursuant to 15 U.S.C. §§ 1114, 1121, 1125, and 28 U.S.C. §§ 1331, 1338, and 1367.

5. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. The amount in controversy between the parties exceeds $75,000.

7. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because Defendant has its principal place of business within the State of California; Defendant conducts business within State of California and this judicial district; Defendant has caused its news and communications services to be advertised, promoted, and sold in the State of California and this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district;

1. Defendant has caused tortious injury to Plaintiff in this judicial district; and Defendant has sufficient minimum contacts with the State of California through its business and activities offered or conducted in the State of California such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district; Plaintiff conducts business and has customers within the State of California and this judicial district; Defendant conducts business within the State of California and this judicial district; Defendant has caused its newsletters, and communications and news services, to be advertised, promoted, and sold to consumers in the State of California and this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; and Defendant has caused tortious injury to Plaintiff in this judicial district.

## FACTUAL BACKGROUND

## PLAINTIFF AND THE PUNCHBOWL MARK

9. Plaintiff is a premier technology company that develops online communications solutions for consumers, with a particular focus on celebrations, holidays, events and memory-making, sold as a subscription-based service. With millions of users, Punchbowl also offers leading consumer brands the ability to reach their audiences through its platform on web and mobile devices. Plaintiff's communications services, comprised in part of online event and celebration invitations and greetings cards, are enormously successful, have garnered widespread acclaim and recognition, and are used by individuals and corporations across the United States and around the world.

10. Through its online communications systems, Plaintiff helps consumer brands reach their audiences through a variety of unique marketing programs including custom sponsorships and branded invitations.

11. Since at least as early as April of 2006, Plaintiff has used the highly distinctive and commercially strong PUNCHBOWL® mark (the "PUNCHBOWL Mark") to market and sell its online communications solutions throughout the United States and the world.

12. The PUNCHBOWL Mark has been extensively advertised and promoted in various media in the United States, including online through the PUNCHBOWL website (https://www.punchbowl.com) and social media sites such as Facebook, Twitter, Instagram, and Pinterest.

13. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the PUNCHBOWL Mark and the services offered thereunder. As a result of Plaintiff's efforts, Plaintiff has received numerous accolades and awards, has been covered in leading lifestyle, technology and business press, and the public has come to recognize and rely upon the PUNCHBOWL Mark as an indication of the high quality associated with Plaintiff's online communications solutions.

14. On March 28, 2013, the United States Patent & Trademark Office ("PTO") issued to Plaintiff U.S. Trademark Registration No. 4,341,102 for the PUNCHBOWL Mark in connection with the following services:

> Advertising the goods and services of others and providing information about vendor availability via a website on the Internet; online business directories featuring businesses that provide facilities for public and private meetings, functions, conferences, exhibitions, conventions, trade shows, events and information about vendor availability; providing online directory information services featuring hyperlinks to other websites; advertisement for others on the Internet; special event planning for business purposes in **Class 35**;

> Transmission of invitations, documents, electronic mail, announcements, photographs and greetings via the Internet; delivery of personalized greeting cards to others via electronic mail in **Class 38**;

> Party planning; social activities planning services via the Internet in the fields of food venues and entertainment venues; providing information about party planning, special event planning for social entertainment purposes, social activity planning for social entertainment purposes in the fields of food venues and entertainment venues in **Class 41**; and

Preparation of electronic invitations, namely, providing temporary use of online non-downloadable software that enables users to personalize, design, upload content and customize electronic invitations; providing events planning and invitation information provided by users via the Internet, namely, hosting an online community website for automating events planning by collecting, editing, organizing, and modifying of guest lists, guest information, event information, and messages and for creating invitations; computer services, namely, providing a website that automates party and entertainment events management that consists of guest lists, guest information, and invitation creation, delivery, and manageme[nt] in **Class 42**.

15. A true and accurate copy of Plaintiff's PUNCHBOWL trademark registration is attached hereto as Exhibit A. In addition to this registration, Plaintiff owns common law rights in the PUNCHBOWL mark as a result of its longtime and extensive use of the mark in commerce.

16. The PUNCHBOWL registration is in full force and effect on the PTO's Principal Register and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the PUNCHBOWL Mark throughout the United States.

17. Plaintiff filed affidavits with the PTO under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and as a result the PUNCHBOWL registration is incontestable.

18. By virtue of its use and federal registration, Plaintiff has the exclusive right to use the PUNCHBOWL Mark, as well as any marks confusingly similar thereto, in commerce in connection with online communications services.

**DEFENDANT'S UNAUTHORIZED USE AND INFRINGEMENT OF THE PUNCHBOWL MARK**

19. On information and belief, Defendant operates "Punchbowl News," an online membership-based news service that provides newsletters, podcasts, and videos in the field of government, politics, and current events. In connection with offering its newsletters and online news services, Defendant uses the mark "PUNCHBOWL" alone and in combination with generic or merely descriptive terms

such as "NEWS," "PRESS", "AM, MIDDAY, or PM," and "BOOK CLUB."

20. Defendant frequently uses the mark PUNCHBOWL standing alone and according to Defendant's website, "Punchbowl is the Secret Service nickname for the Capitol. Our credo is Power, People, Politics." A true and accurate screenshot from Defendant's website (https://punchbowl.news/meet-punchbowl?page_id=153) is copied below.



21. Defendant's PUNCHBOWL mark is identical to Plaintiff's PUNCHBOWL Mark. Moreover, Defendant's use of generic or merely descriptive terms such as "NEWS" and "PRESS" with the term PUNCHBOWL does nothing to mitigate confusion given that such generic and merely descriptive terms lack distinctiveness and thus have no source-identifying or distinguishing value. Further, Defendant uses the PUNCHBOWL mark in a purple hue similar to the color used by Plaintiff:

**Plaintiff's PUNCHBOWL mark**:   **Defendant's PUNCHBOWL mark**:

   Defendants' use of a      purple-colored font for the brand name is highly reminiscent of Plaintiff's PUNCHBOWL logo and further causes the overall commercial impression of Defendant's PUNCHBOWL mark, even in occasional combination with generic terms, to be identical or virtually identical to Plaintiff's PUNCHBOWL Mark.

22. On November 2, 2020, Defendant filed two trademark applications with the PTO to register the marks PUNCHBOWL NEWS (Appl. Ser. No. 90292157) and PUNCHBOWL PRESS (Appl. Ser. No. 90292155), each application covering the same goods and services, described as follows:

> Downloadable electronic newsletters in the field of government, politics, public policy, and current events; Downloadable podcasts in the field of government, politics, public policy, and current events in **Class 9**;

> Providing information, news and commentary in the field of government, politics, public policy, and current events; Providing a website featuring information about government, politics, public policy, and current events in **Class 35**; and

> Providing on-line newsletters in the field of government, politics, public policy, current events; Entertainment services, namely, providing podcasts in the field of government, politics, public policy, and current events; Production of podcasts; Film and video production; Production of television programs; Entertainment services, namely, the provision of continuing programs featuring news and commentary delivered by television; Entertainment services, namely, the provision of continuing programs featuring news and commentary delivered by the internet, and mobile platforms; Entertainment services, namely, production and distribution of ongoing television programs in the field of government, politics, public policy, and current events; Providing information, news, and commentary in the field of current events via the internet in **Class 41**.

23. Defendant's PUNCHBOWL newsletters and online news services are offered through the same marketing and trade channels and to the same customers as Plaintiff's PUNCHBOWL online communications services. For example, consumers of both Plaintiff's and Defendant's PUNCHBOWL services are everyday individual consumers who are likely interested in both news about politics and news and

services relating to event and celebration planning.  And both parties' respective services are offered and provided via the same channels of trade, namely, the Internet, including social media platforms such as Facebook, Instagram, and Twitter.  Notably, the parties also both vie for position of ads for their respective services and links to their websites triggered by user queries on the Google and Bing search engines.

24. Plaintiff began using the PUNCHBOWL trademark almost fifteen years prior to Defendant's brazen adoption of the confusingly similar PUNCHBOWL trademark.  Furthermore, Plaintiff obtained a U.S. registration for the PUNCHBOWL trademark almost eight years prior to Defendant's adoption of the confusingly similar PUNCHBOWL trademark.  The PUNCHBOWL trademark also acquired recognition in the general consuming public well prior to Defendant's use of the same mark.

25. In early January 2021, Plaintiff became aware that Defendant was launching its PUNCHBOWL NEWS website, and also that Defendant had filed the two trademark applications described above.

26. In a letter dated January 11, 2021, Punchbowl informed Defendant of its valuable rights in the PUNCHBOWL Mark and demanded that Defendant cease its use of the PUNCHBOWL mark and agree to other related conditions regarding its infringing use of the PUNCHBOWL mark.  In its response, Defendant refused to comply with Plaintiff's requests.

27. As of the date of this Complaint, Defendant continues to use the PUNCHBOWL mark for its online news services.  Defendant's failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue to willfully infringe Plaintiff's rights in its PUNCHBOWL Mark.

28. Defendant's unauthorized use of the PUNCHBOWL mark is misleading and is likely to confuse consumers into believing that Defendant's services are authorized by, sponsored by, or otherwise affiliated with or approved by Plaintiff.  In fact, a steady stream of consumers continue to contact Plaintiff under the mistaken belief that Plaintiff is, or is affiliated with, Punchbowl News.

29. Defendant's infringing use of the PUNCHBOWL mark is knowing and willful and is likely to cause confusion, mistake, or deception in the marketplace as to the source or origin of Defendant's goods and/or services and whether those goods and/or services are endorsed by or otherwise affiliated with Plaintiff.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114

30. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 29 of this Complaint as if fully set forth here.

31. Plaintiff owns the distinctive, valid, protectable, and registered PUNCHBOWL Mark.

32. Defendant has used the PUNCHBOWL mark in commerce to advertise and offer Defendant's online news services.

33. Defendant is not affiliated or associated with Plaintiff or its services, and Plaintiff does not approve or sponsor Defendant or Defendant's goods and services.

34. Defendant's activities as described herein have caused confusion in the market, and are likely to continue to result in confusion, mistake, or deception and cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

35. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademark.

36. As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's trademark.

37. The actions of Defendant described above constitute trademark

infringement in violation of 15 U.S.C. § 1114(1).

38. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of harm to Plaintiff's business and reputation and the diminution of the goodwill of the PUNCHBOWL Mark are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

39. Plaintiff is entitled to actual monetary damages in an amount to be determined at trial and to any profits made by Defendant in connection with its infringing activities.

40. Defendant's infringement of the registered PUNCHBOWL mark is deliberate, willful, fraudulent, and without extenuating circumstances, and constitutes a knowing use of Plaintiff's trademark. Defendant's infringement is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

41. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 40 of this Complaint as if fully set forth here.

42. Plaintiff owns the distinctive, valid, protectable, and registered PUNCHBOWL Mark.

43. Defendant's use of the PUNCHBOWL mark in commerce to advertise, offer and render Defendant's online new services is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control its trademarks.

44. Defendant's actions as described herein have caused and are likely to

cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendant with Plaintiff, as to the true source of Defendant's services, and as to the sponsorship or approval of Defendant or Defendant's services by Plaintiff.

45. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

46. Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

47. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the PUNCHBOWL mark or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and costs pursuant to 15 U.S.C. §1117, as well as prejudgment interest.

## THIRD CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND PASSING OFF

48. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 47 of this Complaint as if fully set forth here.

49. Plaintiff owns common law trademark rights in its PUNCHBOWL Mark in the State of California and throughout the United States, and all such rights owned by Plaintiff are superior to any rights that the Defendant may claim to have in the PUNCHBOWL mark.

50. Defendant's unauthorized use of the PUNCHBOWL mark in connection with online news services is likely to cause confusion as to the source or sponsorship of these goods and services, and is likely to lead the public to believe that Plaintiff is affiliated with or sponsors or endorses Defendant and/or Defendant's goods and services, and is likely to mislead persons in the ordinary course of purchasing

Defendant's goods and services, thereby injuring the reputation and goodwill and unjustly diverting from Plaintiff to Defendant the benefits arising therefrom.

51. Defendant's unlawful activities constitute trademark infringement, unfair competition, and passing off as proscribed by common law.

52. Defendant's acts of trademark infringement, unfair competition, and passing off were committed, or will imminently be committed, willfully, knowingly, intentionally, and in bad faith.

53. Defendant's acts or intended acts of trademark infringement, unfair competition, and passing off, unless enjoined by this Court, will threaten to cause Plaintiff irreparable damage, loss, and injury for which Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW UNDER CAL. BUS. & PROF. CODE § 17200

54. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 53 of this Complaint as if fully set forth here.

55. Defendant committed an unlawful, unfair or fraudulent act or practice under Cal. Bus. & Prof. Code § 17200 by using the PUNCHBOWL mark in commerce in the State of California to offer and sell its goods and services, without authorization from Plaintiff.

56. Upon information and belief, such acts negatively affected the public interest by causing consumer confusion and misleading the public into mistakenly believing that Defendant's online news services are certified by Plaintiff, or that Defendant is sponsored by, endorsed by, or otherwise affiliated with Plaintiff. Defendant's uses of the PUNCHBOWL mark thus constitute false representations of fact, and upon information and belief such representations were made intentionally and knowingly with an intent to mislead consumers.

57. Plaintiff has no adequate remedy at law.

58. Defendant's acts and conduct will cause actual, immediate, and irreparable injury to Plaintiff, to its goodwill and reputation, and to the public, and will continue to threaten such injury unless enjoined by this Court.  But for Defendant's acts and conduct, Plaintiff would not suffer such injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. That Plaintiff be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051, *et seq*., and the inherent powers of this Court; specifically, that Defendant and all officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns, and successors in interest, and all other persons acting in concert with Defendant, be permanently enjoined from: (i) using the PUNCHBOWL mark, or any other mark confusingly similar to Plaintiff's PUNCHBOWL Mark, in connection with the marketing, promotion, advertising, sale, or distribution of any products and services; and (ii) from any acts of infringement of Plaintiff's PUNCHBOWL Mark.

B. That Defendant be required to file, within 10 days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C. That Defendant be adjudged to have violated 15 U.S.C. § 1114 by infringing the Plaintiff's PUNCHBOWL Mark;

D. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for Defendant's infringing goods and services;

E. That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

F. That Plaintiff be awarded three times Defendant's profits and three times of all Plaintiff's damages, suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Plaintiff's costs, attorneys'

fees, and expenses in this suit under 15 U.S.C. § 1117;

G. That the United States Patent and Trademark Office be ordered to refuse U.S. Application Ser. No. 9,0292,157 for the mark PUNCHBOWL NEWS and U.S. Appl. Ser. No. 9,0292,155 for the mark PUNCHBOWL PRESS;

H. That Plaintiff be granted prejudgment and post judgment interest;

I. That Plaintiff be granted costs associated with the prosecution of this action; and

J. That the Court grant Plaintiff such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: April 7, 2021

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ David M. Stein
David M. Stein #198256
Peter J. Willsey (*pro hac vice* to be filed)
Vincent J. Badolato (*pro hac vice* to be filed)
Franklin S. Krbechek #322170

Attorneys for Plaintiff PUNCHBOWL, INC.