GREENBERG TRAURIG, LLP
IAN BALLON (SBN 141819)
*Ballon@gtlaw.com*
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
DAVID H. MARENBERG (SBN 329954)
*MarenbergD@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant AJ Press, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PUNCHBOWL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AJ PRESS LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 2:21-cv-03010-SVW-MAR<br><br>**AJ PRESS, LLC'S SUPPLEMENTAL APPLICATION TO FILE A PORTION OF ECF NO. 84-2 UNDER SEAL**<br><br>Assigned to: Judge Stephen V. Wilson<br>Action Filed: April 7, 2021 |

ACTIVE 700097242

Pursuant to L.R. 79-5.2.2, Defendant AJ Press, LLC ("AJ Press") applies for an order permitting a portion of ECF No. 84-2, the Declaration of David H. Marenberg in support of AJ Press's Further Reply in support of its Second Motion for Summary Judgment ("DHM Declaration"), to be placed under seal. The portion—specifically ECF No. 84-2, Exhibit 25, at p. 94 of 140 of the ECF-stamped page numbers—contains material previously designated by Plaintiff Punchbowl, Inc. ("Plaintiff") as confidential pursuant to a protective order. That page was inadvertently filed by AJ Press in an unredacted form. AJ Press has conferred with Plaintiff and understands that Plaintiff's position is that disclosure of this material would cause Plaintiff competitive harm. Further, pursuant to L.R. 79-5.2.2(b), the Parties have conferred and agreed that a corrected Marenberg Declaration can be filed with the portion redacted. This Application is supported by the concurrently filed Supplemental Declaration of David H. Marenberg ("Marenberg Supplemental Sealing Decl.").[1] A copy of the material sought to be placed under seal, along with a copy of a redacted version to be publicly filed, are attached to the Marenberg Supplemental Sealing Declaration as Exhibits A and B.

### I. Legal Standard

Courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips ex rel. Estates of Bryd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). In *Nixon v. Warner Commc'ns, Inc.*, the Supreme Court established that "the right to inspect and copy judicial records is not absolute." 435 U.S. 589, 598 (1978). "[C]ourts have refused to permit" public access to files that serve "as sources of business information that might harm a litigant's competitive standing." *Id.*; *see also In re Elec. Arts, Inc.*, 298 F.App'x 568, 569 (9th Cir. 2008) (granting *mandamus* and reversing district court's decision disallowing trade secrets to be filed under seal where sealing was required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing."). A party satisfies its burden for sealing documents accompanying a dispositive motion when the party

---

[1] AJ Press also understands that a declaration from Plaintiff is forthcoming pursuant to L.R. 79-5.2.2(b).

1

presents "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Compelling reasons to seal are generally found where documents, if made part of the public record, "might...become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598; *see also id.* at 1179 ("compelling reasons" sufficient to outweigh the public's interest in disclosure and to justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets). This includes information that, if disclosed, "will cause competitive harm to a party's business." *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *4 (C.D. Cal. July 11, 2014).

## II.     There Are Compelling Reasons to Seal the Protected Information

Good cause and compelling reasons exist to place this document under seal. The information described above is of the type that courts have regularly held warrant under seal filing because of the competitive harm that public disclosure can cause. *See Nixon*, 435 U.S. at 598 (compelling reasons to seal are generally found where documents, if made part of the public record, might "become a vehicle for improper purposes"); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting motion to seal the defendant's confidential business materials because public disclosure "could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons to seal documents containing internal information about the defendant's business strategies, the disclosure of which would harm the defendant); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09md2087 BTM (AJB), 2011 WL 864897, *2 (S.D. Cal. Mar. 11, 2011) (finding compelling reasons to seal documents containing information revealing business strategy). The protected material sought to be placed under seal reflects Plaintiff's

competitively sensitive and confidential business strategies, and its public disclosure has a substantial likelihood of causing harm to Plaintiff's business.

### III.   CONCLUSION

For the foregoing reasons, AJ Press respectfully requests that the Court grant its request to file the limited Protected Information under seal.

Dated: July 10, 2024                    GREENBERG TRAURIG, LLP


By:  */s/ Ian Ballon*
Ian C. Ballon
Attorneys for Defendant AJ Press, LLC

3

ACTIVE 700097242